NO. 07-07-0453-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 31, 2008
_____

LARRY SCROGGS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3989; HONORABLE RON ENNS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Following a plea of not guilty, appellant, Larry Scroggs, was convicted by a jury of aggravated kidnapping and two counts of burglary of a habitation. Punishment was assessed at ten years community supervision. Appellant timely filed a notice of appeal challenging his conviction.[1] The clerk's record filed on December 3, 2007 contains the Trial

_____

[1] Appellant's notice of appeal was due on October 31, 2007. However, it was not actually filed until November 5, 2007. Because counsel for appellant has provided this Court with an uncontroverted affidavit certifying his compliance with applicable rules, we find appellant's notice is timely. *See* Tex. R. App. P. 9.2(b)(1), (2).

Court's Certification of Defendant's Right of Appeal.  The form, however, is not signed by appellant as required by Texas Rule of Appellate Procedure 25.2(d).[2]

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings.  On remand, the trial court shall utilize whatever means necessary to secure a Certification of Defendant's Right of Appeal in compliance with Texas Rule of Appellate Procedure 25.2(d).  Once properly executed, the certification shall be included in a supplemental clerk's record and filed with this Court on or before February 28, 2008.

It is so ordered.

Per Curiam

Do not publish.

---

[2] Texas Rule of Appellate Procedure 25.2(d) was amended, effective September 1, 2007, to require that a defendant sign the certification and receive a copy.